IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAULETTE GRIFFIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | NO. 06-3505 |
| Commissioner of | : | |
| Social Security Administration | : | |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER
United States Magistrate Judge August , 2007

Plaintiff, Paulette Griffin, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability benefits ("DIB") and disabled widow's insurance under Title II of the Social Security Act, and supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act").

Plaintiff filed a motion for summary judgment with a Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."). Defendant filed a motion for summary judgment and Response to Request for Review of Plaintiff ("Def.'s Br."). For the reasons set forth below, this court recommends that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for social security benefits alleging disability since

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted as the defendant in this case.

February 20, 2004 due to a heart attack. (R. 304.) The claim was denied initially and a request for a hearing was timely filed. (R. 7-14.) A hearing was held on December 9, 2005, before Administrative Law Judge ("ALJ") Stephen Bosch. (R. 317-38.) Plaintiff, represented by her attorney, appeared and testified. Id. In a decision dated December 29, 2005, the ALJ found that plaintiff was not disabled under the Act. (R. 18-25.) The ALJ made the following findings:

1. The claimant meets the non-disability requirements for a period of disability and disability insurance benefits set forth in section 216(i) of the Social Security Act through September 30, 2008.

2. The claimant satisfies the non-disability criteria of an individual entitled to widow's benefits under 20 C.F.R. § 404.335.

3. The claimant has the following severe impairments: substance addiction disorder and coronary artery disease (20 §§ CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulations No. 4 (20 CFR § 404.1520(d)).

5. Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform light work.

6. The claimant is capable of performing past relevant work as an auditor or bookkeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR §§ 404.1565, 416.965).

7. The claimant has not been under a "disability," as defined in the Social Security Act, from February 20, 2004 through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

(R. 20-25.)

Plaintiff filed a request for review of the decision of the ALJ that was denied by the Appeals Council on June 16, 2006. (R. 7-10.) The ALJ's decision became the final decision

of the Commissioner. Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The role of this court on judicial review is to determine whether there is substantial evidence in the record to support the Commissioner's decision. Jesurum v. Sec'y of United States Dep't of Health and Human Serv., 48 F.3d 114, 117 (3d Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is more than a mere scintilla of evidence, but may be less than a preponderance of the evidence. Jesurum, 48 F.3d at 117. This court may not weigh evidence or substitute its conclusions for those of the fact-finder. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002) (citing Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 507 U.S. 924 (1993)). As the Third Circuit stated, "so long as an agency's fact-finding is supported by substantial evidence, reviewing courts lack power to reverse . . . those findings." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1191 (3d Cir. 1986).

To be eligible for benefits, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Specifically, the impairments must be such that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C.

§§ 423(d)(2)(A); 1382c(a)(3)(B).

Under the Act, the claimant has the burden of proving the existence of a disability and must furnish medical evidence indicating the severity of the impairment. 42 U.S.C. § 423(d)(5). A claimant satisfies this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). Once this standard is met, the burden of proof shifts to the Commissioner to show that given the claimant's age, education, and work experience the claimant has the ability to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(f), 416.920(f).

The Commissioner decided this matter by utilizing the five step sequential evaluation process established by the Department of Health and Human Services to determine whether a person is "disabled." This process requires the Commissioner to consider, in sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment which meets or equals the requirements of a listed impairment; (4) can perform past relevant work; and (5) if not, whether the claimant is able to perform other work, in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520, 416.920.

## III. BACKGROUND

### A. Testimony of Plaintiff, December 9, 2005

At the administrative hearing, plaintiff testified that she had completed high school and two years of college. (R. 320-21.) She last worked as an auditor for a Best Western hotel. (R. 321.) In this position, plaintiff checked guests in and out of the hotel, printed computer-generated reports and answered the telephone. (R. 321-23.) Plaintiff previously worked in the accounting department of the Volunteers for America organization and as a

bookkeeper for an oil company. (R. 323-28.) Plaintiff testified that she was unable to perform any of those jobs because "all of them were really stressful." (R. 328.) As a result of her leg pain, she was unable to sit or stand as long as she was accustomed to doing. (R. 330.) The ALJ questioned plaintiff about the lack of documentation in the medical records to corroborate her complaints of leg pain. Plaintiff maintained that she informed her cardiologist that her legs tired easily. (R. 330-31.) Plaintiff acknowledged that she had not been treated by her cardiologist since the October preceding the administrative hearing.[2] (R. 331.)

Plaintiff lived alone in her own home. She watched television during the day because she was unable to perform many other activities. Plaintiff had no hobbies and rarely visited with friends. (R. 333.) She performed chores like shopping and laundry; occasionally she received assistance from her brother with these activities. Id. According to plaintiff, her cardiologist instructed her to avoid heavy lifting. (R. 335.) Plaintiff explained that she was unable to lift a gallon of juice due to chest pain precipitated by lifting. (R. 335-56.) Plaintiff maintained that she felt tired when she walked up stairs. (R. 337.) Plaintiff acknowledged that she used cocaine three times per month, despite her physician's warning that continued cocaine use could be fatal. (R. 334.)

## IV. DISCUSSION

The ALJ found that the evidence of record supports a finding that plaintiff suffers from coronary artery disease and substance addiction disorder, impairments which are severe but not severe enough to meet or medically equal one of the impairments listed in Appendix 1,

---

[2] This court notes that the record does not contain any treatment notes from plaintiff's cardiologist after May 2004.

Subpart P, Regulations No. 4. (R. 18-25.) Ultimately, the ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work as an auditor or bookkeeper. (R. 25.) Plaintiff contends that substantial evidence does not support the ALJ's decision.

Specifically, plaintiff avers that the ALJ: (1) improperly weighed the evidence of her treating physician; and (2) improperly determined that plaintiff was capable of performing her past relevant work. (Pl.'s Br. at 5-16.) Defendant maintains that substantial evidence supports the decision of the ALJ. (Def.'s Br. at 3-9.)

**A. Treating Physician**

Plaintiff contends that the ALJ improperly discounted the opinion of plaintiff's treating physician with regard to plaintiff's abilities. (Pl.'s Br. at 5-12.) Specifically, plaintiff argues that the ALJ improperly rejected the opinion of cardiologist Frank James, M.D., that plaintiff was disabled. Id.

The Third Circuit has stated that "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)). This is especially so "when the opinion reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion regarding the nature and severity of the impairment "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence," that opinion is given "controlling weight." Id. An ALJ may, however, "afford a treating physician's opinion

more or less weight depending upon the extent to which supporting explanations are provided." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Furthermore, an ALJ may reject a treating physician's opinion only "on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (internal quotations omitted); see also Plummer, 186 F.3d at 429.

While the Third Circuit has acknowledged that "greater weight should be given to the findings of a treating physician than to a physician who has examined the claimant as a consultant . . . [,] a statement by a plaintiff's treating physician that she is 'disabled' or 'unable to work' is not dispositive." Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994). Rather, "the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant." Id. at 48. The Third Circuit has stated, "where there is conflicting probative evidence in the record, [there is] a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and [the court] will vacate or remand a case where such an explanation is not provided." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).

In the case sub judice, the ALJ did not afford controlling weight to the opinion of Dr. James that plaintiff was disabled. In his opinion, the ALJ correctly noted that Social Security regulations provide that the determination of disability, a legal determination, is ultimately the responsibility of the Commissioner and not the treating physician. (R. 24); 20 C.F.R. §§ 404.1527(e), 416.927(e); Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994). In addition, the ALJ set forth his reasons for not affording controlling weight to the opinion of Dr. James. The ALJ indicated that the conclusory form executed by Dr. James was completed in an attempt to

allow plaintiff to obtain welfare benefits. (R. 24.) As the ALJ acknowledged, a decision by any non-governmental or governmental agency regarding a claimant's disability is not binding in a social security adjudication. Id.; 20 C.F.R. §§ 404.1504, 416.904.[3] Furthermore, "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

The ALJ also explained that Dr. James' conclusion that plaintiff was disabled was inconsistent with the physician's own treatment notes and with other evidence in the record. (R. 23-24.)[4] On April 6, 2004, Dr. James indicated that in his opinion, plaintiff was temporarily disabled between February 26, 2004 and June 30, 2005. (R. 114-15.) However, in a letter to Matthew Rusk, M.D., plaintiff's primary care physician, Dr. James indicated that plaintiff had no complaints of chest pain when he examined her on April 12, 2004. (R. 237.) She denied shortness of breath or palpitations at that time. Id. Plaintiff's blood pressure was 150/80 sitting and 160/80 standing. Id. Her lungs were clear, her cardiac point of maximal impulse was normal and she had no neck vein distention. Id. Plaintiff exhibited no peripheral edema and her sternotomy incision was well healed. Id. In a May 24, 2004 letter to Dr. Rusk, Dr. James wrote that plaintiff had done well without recurrent angina following an uncomplicated bypass surgery.

---

[3] Social Security regulations provide: "A decision by any non-governmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled and blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us." 20 C.F.R. §§ 404.1504, 416.904.

[4] As stated above, if the opinion of a treating physician is inconsistent with other substantial evidence the opinion should be afforded less weight. 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4).

Dr. James noted only mild residual upper sternal incisional wall discomfort. (R. 236.) The record contains no further treatment records from Dr. James after May 2004. A cardiovascular examination performed by Dr. Rusk in September 2004 was within normal limits.[5] (R. 292-93.) On March 24, 2005, Dr. Rusk reported that plaintiff had regular heart rate and rhythm. (R. 290.)

Objective medical evidence in the record is also inconsistent with the opinion of Dr. James. As the ALJ related, imaging techniques have not shown that plaintiff has cardiac enlargement with an inability to carry on any physical activity. (R. 21.) The ALJ added the following:

> [Plaintiff's] ejection fraction was 34% (Exh. 8F/5, 9), which exceeds the requirement for listing 4.02B. Furthermore, listing 4.04 was not met because the required signs were not present. In particular, angiographic evidence did not show the necessary degree of artery narrowing or total obstruction of a bypass graft vessel. No medical source has opined that a cardiovascular listing was met.

Id.

The ALJ also relied on the opinion of Oliver Finch, M.D., a state agency physician who opined that plaintiff possessed the RFC for light work. (R. 272-77.) Dr. Finch concluded that plaintiff's cardiac condition was stable and her hypertension was controlled. Id. Plaintiff complains that the ALJ's reliance upon this opinion was in error since Dr. Finch was a non-examining, non-treating physician. (Pl.'s Br. at 5-12.) However, as stated above, an ALJ is permitted to rely on the opinion of a non-examining physician when the opinion is consistent with the evidence of record. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, the ALJ did not rely solely on the opinion of Dr. Finch. As heretofore stated, the ALJ relied on other

---

[5] During this visit, plaintiff informed Dr. Rusk that she was still using cocaine approximately three times per month. (R. 292, 334-35.) In his decision, the ALJ considered plaintiff's noncompliance with her physician's instruction to discontinue her drug use. (R. 24.)

medical evidence in the record to support his determination that plaintiff was not disabled under the Act. Accordingly, this court finds that substantial evidence supports the ALJ's decision to afford less than controlling weight to the opinion of Dr. James.

**B. Plaintiff's RFC**

Plaintiff avers that the ALJ failed to support his adverse finding that she retained the RFC to perform her past relevant work as a bookkeeper and auditor. (Pl.'s Br. at 13-15, 25.) Plaintiff primarily complains that she cannot perform her Past relevant work due to stress. Id. at 13-15. As an initial matter, it is plaintiff's burden to establish that she is unable to return to her past relevant work. Plummer v. Apfel, 186 F.3d at 428; Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004) (claimant bears the burden of proof with respect to first four steps in analysis).

At the administrative hearing, plaintiff testified that stress prevented her from performing her past relevant work. (R. 328.) As the ALJ noted in his decision, however, plaintiff cited to no medical evidence which supported her contention that she required limitations on her ability to work due to stress. (R. 24.) The ALJ related in his decision that the record contained no psychiatric evidence of anxiety or stress. Id. A review of the medical evidence in this case also failed to support plaintiff's claim that stress was a limiting impairment. Accordingly, the ALJ did not have to consider plaintiff's allegations of stress when he assessed her RFC. Plaintiff also avers that her lumbago was a limiting impairment. In support of this contention plaintiff cited to a lumbar study which was taken prior to the relevant period which showed evidence of discogenic and secondary spondylitic change at L2/3. (R. 123.) However, the mere diagnosis of a condition is not sufficient to establish disability.

It is not enough for plaintiff to demonstrate the existence of an impairment. It

> must be established that the impairment results in functional limitations so severe that they preclude him from engaging in any substantial gainful activity. Although the medical evidence establishes that plaintiff has a painful neck, back and shoulder condition, it does not demonstrate that the condition renders plaintiff totally disabled from all types of gainful employment.

Ouimet v. Apfel, 1998 WL 651147, at *10 (E.D. Pa. Sept. 21, 1998) (internal quotation omitted). The record contains minimal references to lumbago as a diagnosis during the relevant time period. (R. 292-93.) On September 28, 2004, plaintiff complained of right-sided hip pain and "off and on" back pain. (R. 292.) However, during her next visit on March 24, 2005, plaintiff had no complaints relating to her back. (R. 290.) The ALJ related that plaintiff has not had any ongoing treatment for her back during the relevant time period. He added that she has not shown that this impairment has had a significant impact on her ability to perform work-related activities. (R. 21.) The ALJ found that plaintiff's subjective complaints were not fully credible. Id. He considered plaintiff's testimony regarding her daily activities as well as the medical evidence of record and properly determined that her limitations were not as debilitating as plaintiff alleged. 20 C.F.R.§§ 404.1529(c)(3), 416.929(c)(3). For the foregoing reasons, this court finds that the ALJ properly assessed plaintiff's RFC and reasonably concluded at step four of the sequential evaluation process that plaintiff was not disabled since she remained capable of performing her past relevant work.[6]

## V. CONCLUSION

As stated above, the issue before the court is whether there is substantial evidence to support the ALJ's decision to deny benefits. Under the substantial evidence test, "the question

---

[6] The ALJ was not required to use a vocational expert or other sources in order to determine plaintiff's RFC. Landeta v. Comm'r of Soc. Sec., 191 Fed. Appx. 105, 111 (3d Cir. 2006.) (not precedential).

is not whether we would have arrived at the same decision; it is whether there is substantial evidence supporting the Commissioner's decision." Donatelli v. Barnhart, 127 Fed. Appx. 626, 630 (3d Cir. 2005) (not precedential) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)). For all of the above reasons, this court finds that substantial evidence supports the ALJ's determination that plaintiff was not disabled under the Act. Accordingly, the court makes the following:

**R E C O M M E N D A T I O N**

AND NOW, this day of August, 2007, upon consideration of plaintiff's Brief and Statement of Issues in Support of Request for Review and motion for summary judgment and defendant's response thereto, it is respectfully recommended that plaintiff's motion for summary judgment be denied, defendant's motion for summary judgment be granted and judgment be entered in favor of defendant.

BY THE COURT:

\s\ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge