IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULETTE GRIFFIN, Plaintiff | Civil Action No. 06-CV-3505 |
| vs. | |
| JO ANNE BARNHART, Defendant[1] | |

O R D E R

NOW, this 21st day of September, 2007, upon consideration of Plaintiff's Motion in Support of Request for Review filed January 24, 2007 on behalf of plaintiff Paulette Griffin; upon consideration of Defendant's Response to Request for Review of Plaintiff filed February 26, 2007 on behalf of defendant; upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter filed August 16, 2006; upon consideration of Plaintiff Paulette Griffin's Written Objection to the Magistrate's Report and Recommendation, which objections were filed August 28, 2007; upon consideration of Defendant's Reply to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, which reply was filed September 9, 2007; upon consideration of plaintiff's Complaint, defendant's Answer and after a thorough review of the record in this matter; it appearing that Magistrate Judge Rueter's Report

[1] I note that Michael J. Astrue has succeeded Jo Anne B. Barnhart as Commissioner of the Social Security Administration. Because this action was brought against defendant Barnhart solely in her representative capacity and the real party in interest is the Social Security Administration, the change in Commissioners will have no effect upon the merits of this motion.

and Recommendation correctly determined the legal issues presented in this case,

IT IS ORDERED that Magistrate Judge Rueter's Report and Recommendation is approved and adopted.[2]

IT IS FURTHER ORDERED that Defendant's Objections to the Report and Recommendation are overruled.[3]

---

[2] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the sound discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001).

As more fully expressed below, I adopt Magistrate Judge Rueter's Report and Recommendation that Plaintiff's Motion in Support of Request for Review should be denied because the decision of the Commissioner of Social Security is supported by substantial evidence.

[3] Plaintiff raises two principal objections to Magistrate Judge Rueter's Report and Recommendation. Plaintiff contends the faulty reasoning of the Administrative Law Judge ("ALJ") was erroneously adopted in Magistrate Judge Rueter's Report and Recommendation. Plaintiff seeks remand for the purpose of obtaining clarifying testimony from medical and vocational experts.

First, plaintiff argues that the ALJ rejected her contention that she would be unable to tolerate the stressors inherent to her past employment for the wrong reason, and this improper rejection was adopted in Magistrate Judge Rueter's Report and Recommendation. As a threshold matter, plaintiff asserts that the effect of stress or anxiety in her past relevant work environment on her functionality need not be proven by psychiatric evidence.

Plaintiff contends that the ALJ formed an improper lay medical opinion regarding workplace stressors, and incorrectly held that plaintiff's past relevant work experience as an auditor/bookkeeper was and is inherently unstressful. Plaintiff further avers that the ALJ's conclusion concerning plaintiff's lack of cardiac complaints as they relate to workplace stress was erroneous because the ALJ's conclusion ignored previous findings that plaintiff has severe coronary artery disease which affects her ability to perform vocationally-related activities.

Plaintiff contends that Magistrate Judge Rueter's Report and Recommendation not only incorrectly adopted the ALJ's decision regarding stressors, but also erred by conducting an independent review of the medical evidence. Plaintiff argues this error compounds the ALJ's flawed decision

(Footnote 3 continued):

(Continuation of footnote 3):

that stress was not a limiting impairment, and thereby further misrepresents plaintiff's medical condition. Plaintiff argues that the ALJ's analysis incorrectly shifts the burden of proof to plaintiff regarding her ability to perform past work. Moreover, plaintiff asserts that ample objective medical evidence of plaintiff's impairment was presented, and if further clarifications regarding plaintiff's medical status condition (as it relates to workplace stress) was required, the ALJ should have independently developed the record.

Second, plaintiff argues that the Report and Recommendation improperly followed the ALJ's decision to discount the opinion of plaintiff's treating physician regarding plaintiff's residual function capacity. Plaintiff's claims of error here relate solely to the underlying ALJ's decision as adopted by the Report and Recommendation. Plaintiff contends that she presented significant objective medical evidence of her disability, and this evidence was unrebutted by any substantive expert evidence. Plaintiff asserts that the ALJ credited the evidence of her heart abnormalities, yet found a residual function capacity for light work without explanation. Plaintiff argues that the ALJ improperly credited the checklist-style medical report by plaintiff's expert.

In reviewing an appeal from the decision of the Commissioner of the Social Security Administration, "[t]he Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). The court may not conduct a de novo review of the Commissioner's decision or re-weigh the evidence of the record. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D.Pa. 1998).

An ALJ must explicitly weigh the all the competent evidence offered in support of a claim for benefits. Schaudeck v. Commissioner of Social Security Administration, 181 F.3d 429, 435 (3d Cir. 1999). When faced with conflicting evidence, an ALJ must thoroughly and adequately explain the reasons for its decision to reject or discredit evidence. Sykes v. Apfel, 228 F.3d 259, 266 n.9 (3d Cir. 2000). In order to satisfy the substantial evidence standard, the Commissioner's decision must explain why certain evidence was discredited. Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983).

If an ALJ believes the evidence presented is inconclusive, unclear or otherwise ambiguous, he or she must secure whatever evidence is necessary to make a sound determination. Ferguson v. Schweiker, 765 F.2d 31, 36 (3d Cir. 1985). "While it is true that the ALJ does not have to go to great lengths to develop a claimant's case, the ALJ's duty to develop the record applies in cases where the ALJ believes that he or she is lacking information critical to the determination of a factual issue." Thomas v. Chater, Civ.A.No. 05-3194, 1997 WL 256458, at *2 (E.D.Pa. May 9, 1997)(Rendell, J.).

An ALJ "cannot reject evidence for no reason or for the wrong reason." Plummer v. Apfel, 186 F.3d at 429 (3d Cir. 1999). Specifically, where an ALJ rejects medical evidence and substitutes his or her own medical opinion for that of a physician, the Commissioner's decision must be reversed.

(Footnote 3 continued):

(Continuation of footnote 3):

Kent v. Schweiker, 710 F.2d at 115; see also Cadillac v. Barnhart, 84 Fed.Appx. 163, 168 (3d Cir. 2003).

However, it is incumbent upon claimants, particularly ones represented by counsel, to present evidence and satisfy their burdens of proof and production. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); 42 U.S.C. § 423(d)(5)(A). Under the Act, the claimant has the burden of proof regarding the existence of disability and must furnish medical evidence indicating the severity of the impairment. 42 U.S.C. § 423(d)(5). Moreover, it is the claimant's burden to establish that she is unable to return to past relevant work. Plummer v. Apfel, 186 F.3d at 428 (3d Cir. 1999).

As Magistrate Judge Rueter noted, the Commissioner (adopting the ALJ's decision) decided this case utilizing the five-step sequential evaluation process established by the Department of Health and Human Services to determine whether a person is disabled. The process considers, in sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment which meets or equals the requirements of a listed impairment; (4) can perform past relevant work; and (5) is able to perform other work, in view of his age, education, and work experience (if the four factors are not met). 20 C.F.R. §§ 404.1520, 416.920. The ALJ's decision determined that plaintiff did not meet the fourth factor.

Plaintiff's first objection to the Commissioner's decision and the Report and Recommendation is without merit. Plaintiff is correct that she does not need to present psychiatric testimony to meet her evidentiary burden regarding the effect of stress or anxiety in her past relevant work experience. However, it is the claimant's burden to establish she cannot return to her past work. Plaintiff offered no medical evidence in support of her argument of a work limitation based on a newly acquired inability to cope with stress since the onset of her impairments.

Because plaintiff did not offer objective medical evidence of any limitations based on stress or anxiety, both the ALJ's decision and the Report and Recommendation correctly concluded that plaintiff did not demonstrate she could not perform light work. The ALJ's decision was not an improper lay medical opinion concerning the intrinsic stressors of working as a bookkeeper or auditor. The conclusion was consistent with the evidence presented by plaintiff's expert, defendant's expert, the objective medical evidence and the ALJ's initial findings of plaintiff's physical impairments, including cardiac disease.

The ALJ's finding that plaintiff's prior relevant work experience does not involve stress was not an affirmative finding regarding the nature of bookkeeping or auditing. The finding, viewed in context, was that plaintiff did not present evidence that her former occupations were stressful beyond her current physical tolerances.

Magistrate Judge Rueter's Report and Recommendation does not engage in an independent review of the medical evidence, misrepresent plaintiff's physical condition or impairments or improperly allocate the burden of persuasion. The Report and Recommendation reviewed the pertinent

(Footnote 3 continued):

(Continuation of footnote 3):

evidence of plaintiff's physical condition to determine whether the ALJ's decision was supported by substantial evidence. It did not re-weigh the evidence as plaintiff contends. Plaintiff's physical condition was properly represented, including her impairments. It is the claimant's burden to set forth elements which establish the first four steps of the analysis.

Plaintiff's argument that the Report and Recommendation improperly followed the ALJ's decision not to independently develop her arguments is not well-founded. The ALJ must develop the record to resolve conflicts or ambiguities. It is not required to build plaintiff's case. The ALJ determined that he was not missing information critical to the disposition of plaintiff's claim. The relevant evidence that existed appears to have been presented. If plaintiff has further evidence to support her claim, she has separate procedural mechanisms to bring them before the Commissioner. See 42 U.S.C. § 405(g).

Thus, plaintiff simply provided no objective medical evidence or vocational expert evidence that all of her previous jobs involved levels of stress beyond her current abilities. Moreover, as the ALJ noted, many of her assertions regarding stress tolerances were belied by the objective medical evidence of plaintiff's past and current physical condition.

With regard to plaintiff's second argument, I find that this argument is largely a rehash of arguments presented to the ALJ and considered at length by Magistrate Judge Rueter. The Report and Recommendation did not err by adopting the ALJ's findings regarding the import of the medical evidence presented. The ALJ properly weighed the evidence presented and resolved conflicts and ambiguities. Where conflicts existed, the ALJ properly credited certain medical evidence and discounted other evidence.

The conclusions of plaintiff's treating physician are not dispositive. Plummer v. Apfel, 186 F.3d at 429. The ALJ provided a reasoned analysis for discrediting particular conclusions by the treating physician where the objective medical evidence did not support those conclusions. The ALJ also properly provided reasons for crediting the non-examining physician's opinion, including the fact that other evidence in the record supported his conclusions. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).

This court's review of the decision of the Commissioner of Social Security does not entail a determination of whether the ALJ weighed the evidence presented to him as I might have done. I must only determine whether there is substantial evidence to support the decision and whether it contains sufficient rationales and explanations. The ALJ's decision in this matter fulfills these dual aims. The decision considered the relevant evidence offered by plaintiff and defendant, resolved conflicts and formed conclusions based on the evidence satisfactory to support the decision.

My review of the administrative record reveals that, upon consideration of all relevant evidence, the ALJ properly concluded that plaintiff did not present sufficient medical or psychiatric evidence that she lacked the residual functional capacity to return to her previous employment.

(Footnote 3 continued):

IT IS FURTHER ORDERED that Plaintiff's Motion in Support of Request for Review is denied.

IT IS FURTHER ORDERED that the final decision of the Commissioner of Social Security, which decision denied disability insurance benefits is affirmed.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3):

The ALJ's decision also properly concluded that the opinion of the treating physician need not be given controlling weight. Accordingly, the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter is adopted and the decision of the Commissioner of Social Security is affirmed.